UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
NACHMAN NACHMENSON,

                        Plaintiff,

              - against -

KINGS COUNTY SUPREME COURT,

                    Defendant.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-5905

PAMELA K. CHEN, United States District Judge:

On November 30, 2020, Plaintiff Nachman Nachmenson filed this *pro se* action against the New York Supreme Court, Kings County ("State Court") seeking damages and injunctive relief in connection with an action he commenced in the State Court.  Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the limited purpose of this Memorandum and Order.[1]  The Complaint is hereby dismissed in its entirety without leave to amend and Plaintiff is ordered to show cause why he should not be enjoined from filing any further IFP actions in this district without first seeking and obtaining leave to do so.

## BACKGROUND

Plaintiff alleges that in 2014, he filed a suit in the State Court alleging that on April 23, 2013, he was falsely arrested and subjected to excessive force by the New York City Police Department. (Dkt. 1, at ECF[2] 5.)  According to Plaintiff, his State Court case is ready for trial, but

---

[1] The Court grants Plaintiff IFP status, even though his IFP application is entirely blank and only contains his signature.  (*See* Dkt. 2.)  Based on Plaintiff's numerous actions in this district, however, the Court assumes that he is eligible to proceed IFP.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

has been delayed multiple times "without any reasonable excuse." (*Id.*)  Plaintiff alleges that State Court judges allow New York City to delay trials for "bribes of honor and prestige and other benefits" and the delays are caused by "New York anti-Semitism." (*Id.*)  Plaintiff demands $7.7 million in damages "so that [the State Court] will learn [its] lesson to stop torturing the poor and needy people" and seeks injunctive relief in the form of this Court's intervention in Plaintiff's State Court proceedings "to do justice" and "to bring the Nazi Police Officers to trial." (*Id.*)

While the Complaint is silent on the circumstances surrounding the scheduling of Plaintiff's State Court trial, the Court takes judicial notice that, at the time Plaintiff filed this action in 2020—complaining about the pace of his 2014 State Court civil action—the State Court was operating under a statewide order delaying all civil proceedings in response to the global COVID-19 pandemic.  *See* Administrative Order of the Chief Administrative Judge of the Courts (Mar. 16, 2020), http://www.nycourts.gov/latest-AO.shtml.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted). Complaints filed by *pro se* litigants are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and

2

interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## DISCUSSION

The Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff's claims against the State Court, the sole defendant in this action, are barred by the Eleventh Amendment.  A plaintiff seeking to bring an action in federal court must establish that the court has subject matter jurisdiction over the action.  Federal courts may consider subject matter jurisdiction *sua sponte* and, "[i]f subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3).

The Eleventh Amendment provides immunity to states in suits brought against them in federal courts, absent the states' explicit consent or unequivocal Congressional abrogation of immunity.  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984); *CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 94–95 (2d Cir. 2002).  "State immunity extends to state agencies and to state officers who act on behalf of the state." *Burnette v. Carothers*, 192 F.3d 52, 57 (2d Cir. 1999) (citation omitted); *see also Pennhurst*, 465 U.S. at 101–02 ("The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest. . . .  And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." (internal quotation marks omitted)).  The "Eleventh Amendment immunity is an important aspect of our federal system of government in that it assures that each state is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty not to be amenable to suit by any individual litigant without the sovereign's consent." *CSX Transp.*, 306 F.3d at 94–95 (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)).

3

In *Ex Parte Young*, the Supreme Court recognized a narrow exception to state sovereign immunity: a party may bring claims based on federal law violations for *prospective* injunctive or declaratory relief against state officials. 209 U.S. 123, 155–56 (1908); *see also Chinn v. Univ. of New York Sch. Of Law at Queens College*, 963 F. Supp. 218, 225 (E.D.N.Y. 1997) ("To avoid a partial 'end-run' around Eleventh Amendment immunity, any remedy for past violations of federal law, including declaratory judgment, is barred." (quoting *Green v. Mansour*, 474 U.S. 64, 72–73 (1985))). Notably, the *Ex Parte Young* exception does not apply where a party seeks damages against state officials sued in their official capacity. *Pennhurst*, 465 U.S. at 101–02 (1984); *Edelman v. Jordan*, 415 U.S. 651, 667–68 (1974).

Here, the State Court is an agency of the State of New York and is entitled to sovereign immunity. Plaintiff has not identified any waiver or Congressional abrogation of New York's sovereign immunity that would permit him to bring an action for damages or injunctive relief against the New York for alleged delays in his State Court action. Accordingly, Plaintiff's claim for damages is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because, as discussed, suits for damages against states and their agencies are barred by the Eleventh Amendment. Similarly, Plaintiff's claim for injunctive relief is also dismissed because, even assuming that the Complaint alleges a violation of federal law, Plaintiff seeks a remedy for alleged past violations—past delays in the scheduling of his State Court trial—which are barred by the Eleventh Amendment.[3]

---

[3] Even if Plaintiff could establish subject matter jurisdiction, the Court would be required to abstain from granting injunctive relief that interferes with a pending state court proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention extends to "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78–79 (2013) (internal quotations and citations omitted). The statewide order suspending civil proceedings during the global COVID-19 pandemic is among the types of orders entered in furtherance of the State Court's ability to perform its judicial function. *See Quirk v. DiFiore*, No. 20-CV-5027 (JPO), 2020 WL 7260533, at *3 (S.D.N.Y. Dec. 10, 2020) (*Younger* abstention applies where "[m]andating the terms of

The Court has considered affording Plaintiff a chance to amend the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so because it views the opportunity as futile since a review of the Complaint does not suggest that Plaintiff has inadequately or inartfully pleaded any potentially viable claims.

## FILING INJUNCTION

Prior to filing this action, Plaintiff filed six other civil actions in this district that were dismissed for failure to state a claim or for lack of subject matter jurisdiction. *See Nachmenson v. Homeland Sec.*, No. 16-CV-7204 (LDH) (RML) (E.D.N.Y. Mar. 22, 2017 and Apr. 24, 2017) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Nachmenson v. Diaz*, No. 17-CV-738 (LDH) (RML), 2017 WL 4736733, at *4 (E.D.N.Y. Oct. 19, 2017) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Nachmenson v. NYPD 77th Precinct*, No. 17-CV-3637 (LDH) (RML), 2017 WL 4574478, at *3 (E.D.N.Y. Oct. 11, 2017) (dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)), *reconsideration denied*, (E.D.N.Y. Sept. 17, 2018); *Nachmenson v. Page Plus Cellular*, 17-CV-4152 (LDH) (RML) (E.D.N.Y. Feb. 2, 2018) (dismissed for lack of subject matter jurisdiction); *Nachmenson v. Israel*, 17-CV-5485 (LDH) (RML) (E.D.N.Y. Dec. 7, 2017) (dismissed for lack of subject matter jurisdiction); *Nachmenson v. New York State Dep't of Taxation & Fin.*, No. 20-CV-

---

reopening [following restrictions imposed amid the COVID-19 pandemic] would have the effect of dictating if, how, and when state court judges can conduct their proceedings."); *see also Bronx Defs. v. Office of Court Admin.*, No. 20-CV-5420 (ALC), 2020 WL 4340967, at *4 (S.D.N.Y. July 28, 2020) (*Younger* abstention precludes the federal district court from reviewing and directing the New York state court procedures for reopening state criminal proceedings delayed by the COVID-19 pandemic).  Thus, the Court would be precluded from considering Plaintiff's request to intervene in his State Court proceeding.

2176 (LDH) (RML), 2020 WL 5097228, at *4 (E.D.N.Y. Aug. 28, 2020) (dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim).[4]

The Court previously warned Plaintiff that "the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking IFP status without leave of the Court." *Dep't of Taxation*, 2020 WL 5097228, at *3. Accordingly, Plaintiff is ordered to show cause within fourteen (14) days of the entry of this Memorandum and Order why he should not be enjoined from filing any further IFP actions in this district without first seeking and obtaining leave to do so. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for lack of subject matter jurisdiction. Plaintiff is ordered to show cause within fourteen (14) days of the entry of this Memorandum and Order why he should not be enjoined from filing any further IFP actions in this district without first seeking and obtaining leave to do so.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment,

---

[4] Since the filing of the action that is the subject of this Memorandum and Order, Plaintiff has brought two additional actions in this district. *See Nachmenson v. New York State Dep't of Labor*, 20-CV-5873 (LDH) (RML) (E.D.NY. Dec, 10, 2020); *Nachmenson v. Gluck*, 22-CV-627 (LDH) (RML) (E.D.N.Y. Jan. 27, 2022).

close this case, and mail a copy of this Memorandum and Order to Plaintiff at the address he initially provided and at P.O. Box 32036,Washington, D.C. 20007.[5]

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated:  April 12, 2022
         Brooklyn, New York

---

[5] Although Plaintiff did not submit a change-of-address request in this case, he provided a different address in a different case pending before the Court.  *See Nachmenson v. Gluck*,  22-CV-627 (LDH) (RML) (E.D.N.Y. Jan. 27, 2022).

7